**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | |
| **PULSAR PUERTO RICO INC** | **CASE NO. 08-07557 BKT** |
| | **CHAPTER 7** |
| **Debtor(s)** | **ADVERSARY NO. 11-0042** |
| **AT & T MOBILITY PUERTO RICO INC** | |
| **Plaintiff** | |
| **PULSAR PUERTO RICO INC** | FILED & ENTERED ON 04/05/2012 |
| **WILFREDO  SEGARRA MIRANDA ,TRUSTEE** | |
| **WILFREDO RODRIGUEZ FLORES** | |
| **Defendant(s)** | |

<u>**OPINION AND ORDER**</u>

Before the court is AT&T Mobility Puerto Rico, Inc.'s ("AT&T") Motion for Partial Summary Judgment (Dkt. No. 80), Trustee's opposition (Dkt. No. 100),AT&T's Reply to the Trustee's Opposition to Partial Summary Judgment (Dkt No. 112) and the Trustee's Sur-Reply (Dkt No. 123). For the reasons stated herein AT&T's motion for summary judgment is hereby GRANTED.

**I.   JURISDICTION**

This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).

**II.   BACKGROUND**

The controversy in this case originates from two prepetition lease

agreements under which AT&T installed and operates cellular telecommunication antennae on the rooftop of the former Diamond Palace Hotel & Casino (the "Hotel"), a hotel complex owned by Pulsar Puerto Rico, Inc. ("Debtor").The first of the lease agreements was executed between CCPR Services, Inc. (now AT&T) and Debtor on July 29, 2003, and amended on August 1, 2008 (the "AT&T Lease Agreement"). The second lease agreement was executed between Centennial Puerto Rico Operations Corp. (now AT&T) and Wilfredo Rodríguez Flores ("Rodríguez Flores")d/b/a Rodríguez International Corp. on October 13, 2008 (the "Centennial Lease Agreement").

On November 7, 2008, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On September 13, 2010, Debtor's bankruptcy case was converted to Chapter 7 and Wilfredo Segarra Miranda was appointed as Chapter 7Trustee(the "Trustee").

On February 14, 2011, AT&T filed the Interpleader that initiated the adversary proceeding at bar (Dkt No. 1).Among other things, the interpleader seeks to join codefendants, Debtor and Rodríguez Flores, in a single proceeding to determine who has the rightful claim to the rent payments under the aforementioned lease agreements. On March 25, 2011, the Trustee filed an Answer to Interpleader Complaint which also included a Counterclaim against AT&T(the "Counterclaim") (Dkt No. 16). In the Counterclaim, the Trustee asserts three causes of action:

1. That the Court issue a declaratory judgment naming Debtor as the real party in interest or the real lessor in the Centennial Lease Agreement;

2.    A collection action against AT&T for $190,296.00 of rent allegedly owedand/or wrongfully paid under both, the AT&T and the Centennial Lease Agreements;

3.    Damages caused by AT&T for allegedly "aiding and abetting" in supposedly illegal and willful acts by Rodríguez Flores to divest Debtor of the rights and payments due under the Centennial Lease Agreement in breach of Rodríguez Flores' fiduciary duties.

On April 14, 2011, AT&T filed an answer to the Counterclaim and a cross claim against Wilfredo Rodríguez and/or Rodríguez International Corp. (Dkt no. 22).  Also, on October 24, 2011,AT&T filed the Motion for Partial Summary Judgment (the "Motion for Summary Judgment") (Dkt No. 80), seeking dismissal of the Trustee's Third Cause of Action against AT&T for the purported liability and damages caused by AT&T's alleged "aiding and abetting" practices. AT&T's arguments in favor of dismissal are based upon the following: (i) neither federal law nor Puerto Rico law provides a private cause of action for "aiding and abetting" tort liability; (ii) even assuming that such a cause of action existed, the Trustee cannot provide evidence that AT&T knew and/or substantially assisted or encouraged Rodríguez Flores's allegedly illegal actions; and (iii) such a cause of action would be time-barred under Puerto Rico's applicable one year statute of limitations.

In his Opposition to AT&T's Motion for Partial Summary Judgment, filed on December 21, 2011(the "Opposition") (Dkt No. 100), the Trustee avers that the facts upon which AT&T moves for summary judgment are subject to controversy.  The Trustee also argues that AT&T has failed to establish the legal basis upon which summary judgment can be granted. Specifically, the Trustee alleges that:(i) AT&T entered into a lease

agreement with Rodríguez International Investment Corp. and/or Rodríguez Flores despite knowing that Debtor was the owner of the leased premises; and (ii) that AT&T facilitated and furthered a breach of fiduciary duty by directing monthly rent payments under multiple lease agreements to Rodríguez Flores when it knew that Debtor had the right to such payments.In support of his Third Cause of Action, the Trustee asks the Court to look into Delaware corporate law and adopt its doctrine on aiding and abetting a breach of fiduciary duty.

On January 26, 2012, AT&T filed a Reply to the Trustee's Opposition to Partial Summary Judgment (the "Reply") (Dkt No. 112)reiterating that the Trustee's Opposition lacked merits, and therefore, summary judgment as to the "aiding and abetting" cause of action should be granted. Specifically, AT&T refutes the Trustee's connection to Delaware's corporate law, insofar as the Counterclaim raises a damages and torts claim based on "aiding and abetting" that does not concern any of Puerto Rico's corporate statutes. In fact, the Trustee does not cite any corporate law statute under Puerto Rico's General Corporations Law that supports an "aiding and abetting" action in Puerto Rico. The remaining statements put forth by AT&T in the Reply are a repetition of the arguments raised in the Motion for Summary Judgment.

On February 10, 2012 (Dkt No. 123), the Trustee filed a Sur-Reply to AT&T's Reply (the "Sur-Reply") to substantiate its claim against AT&T for the aiding and abetting breach of fiduciary duty claim. The Sur-Reply further discusses the potential wrongdoings of Rodríguez Flores and the Trustee's claim of breach of fiduciary duty against him. The Trustee argues conclusively that AT&T substantially assisted Rodríguez Flores in breaching his fiduciary duties to the Debtor by restating that: (i) the

named lessor under the Centennial Lease Agreement was Rodríguez International and/or Rodríguez Flores, when Rodríguez Flores had no right to lease the premises, and (ii) all the checks that AT&T issued to pay the rent under the Centennial Lease Agreement were made jointly to the order of Rodríguez International and/or Rodríguez Flores.

**III. ANALYSIS AND DISCUSSION**

**A. Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7056, summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank (In re Rijos), 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is deemed "material" if it potentially could affect the outcome of the suit. Borges at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The Court must view the evidence in a light most favorable to the nonmoving party. Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004).

Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos at 388.

**B.    Aiding and abetting theory**

The question is whether the alleged theory of "aiding and abetting" is cognizable under state law.  The Counterclaim cites no controlling law in support of the Third Cause of Action on "aiding and abetting" and, in his Opposition, the Trustee relies on Delaware's corporate law provisions for aiding and abetting a breach offiduciary duty.

In general, under Puerto Rico law, a person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done.  31 LPRA § 5141.  All damages, whether moral or material, give rise to a remedy if the following three elements are met: (1) a real damage or injury occurred; (2) there is causal nexus between injury and act or omission of another; and the (3) act or omission was culpable or negligent.  Bonilla v. Chardón, 118 D.P.R. 599 (1987).  "[T]here is fault when one does not act as a man of normal or ordinary diligence would, a good father of a family, according to the circumstances of the case."Gierbolini v. Employers Fire Ins. Co., 104 D.P.R. 853 (1976).

This Court concludes that the "aiding and abetting" theory is not recognized under Puerto Rico law as a right to recover damages.  In fact, with very few exceptions provided by legislation, the right to recover damages in Puerto Rico is governed --both in form and in content--by the civil law system. Valle v. Amer. Inter. Ins. Co., 108 D.P.R. 692 (1979); Gierbolini v. Employers Fire Ins. Co., supra.  Accordingly, the Trustee's claim against AT&T for "aiding and abetting" is improper and legally

unsupported.

Moreover, taking into account all facts proffered by the parties and extending the Trustee every reasonable inference in his favor, there is no basis to conclude that AT&T assisted Rodríguez Flores in the allegedly dubious activities investigated and asserted by the Trustee. It has not been proven that AT&T had actual knowledge of any wrongdoings by Rodríguez Flores.  Even if the Trustee were to establish a breach of fiduciary duty by Rodríguez Flores, no evidence has been provided to establish that AT&T knew, assisted, participated and/or encouraged Rodríguez Flores to commit any illegal acts.  With the considerable evidence submitted so far, it appears reasonable to conclude that the Trustee cannot support his "aiding and abetting" claim, and therefore he would not be entitled to a relief for damages.

**IV.   CONCLUSION**

WHEREFORE, IT IS ORDERED that in light of the foregoing legal conclusions, AT&T's Motion for Partial Summary Judgment shall be, and hereby is, GRANTED. Judgment will be entered accordingly.

A separate order will be entered scheduling a status conference to consider the course of action to resolve remaining controversies.

**SO ORDERED.**

**San Juan, Puerto Rico, this 05 day of April, 2012.**

**Brian K. Tester**
**U.S. Bankruptcy Judge**