IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

PULSAR PUERTO RICO INC

           Debtor(s)

AT & T MOBILITY PUERTO RICO INC

           Plaintiff

PULSAR PUERTO RICO INC ;
WILFREDO SEGARRA MIRANDA
,TRUSTEE ;WILFREDO RODRIGUEZ
FLORES

           Defendant(s)

CASE NO. 08-07557 BKT

CHAPTER 7

ADVERSARY NO. 11-042 BKT

FILED & ENTERED ON 04/05/2013

## OPINION AND ORDER

Before the court is: AT&T's Motion for Summary Judgment (the "AT&T Motion for Summary Judgment") (Dkt. No. 147) and Statement of Uncontested Facts (Dkt. No. 146),Trustee's Opposition to AT&T Motion for Summary Judgment, Cross Motion for Summary Judgment as to the Remaining Causes of Action (the "Cross Motion"), and Statement of Uncontested Facts. (Dkt. No. 153),AT&T's Consolidated Reply in Support of Motion for Summary Judgment and Opposition to Cross Motion (the "Consolidated Reply") (Dkt. No. 158),Trustee's Reply to AT&T's Opposition to Cross Motion (the "Reply") (Dkt. No. 167),AT&T's Sur-Reply to Trustee's Reply (the "Sur-Reply") (Dkt. No. 169).

Trustee's Motion for Summary Judgment (the "Trustee's Motion for Summary Judgment) (Dkt. No. 151), and Statement of Uncontested Facts (Dkt. No. 152), AT&T's Response to Trustee's Statement of Uncontested

Facts (the "Response") (Dkt. No. 157).

For the reasons stated herein AT&T's motion for summary judgment is hereby GRANTED, and Trustee's motion for summary judgment is hereby DENIED.

## I. JURISDICTION

This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).

## II. BACKGROUND

The controversy in this case originates from two pre petition lease agreements under which AT&T installed and operated cellular telecommunication antennae on the rooftop of the former Diamond Palace Hotel & Casino, a hotel complex owned by Pulsar Puerto Rico, Inc. ("Debtor"). The first of the lease agreements was executed between CCPR Services, Inc. (now AT&T) and Debtor on July 29, 2003, and amended on August 1, 2008 (the "AT&T Lease Agreement"). The second lease agreement was executed between Centennial Puerto Rico Operations Corp. (now AT&T) and Rodríguez Flores ("Rodríguez Flores") d/b/a Rodríguez International Corp. on October 13, 2008 (the "Centennial Lease Agreement").

On November 7, 2008, Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code. On September 13, 2010, the case was converted to chapter 7 and Wilfredo Segarra Miranda was appointed as chapter 7 trustee (the "Trustee").

On February 14, 2011, AT&T filed an interpleader complaint (the

"Interpleader") that initiated the adversary proceeding at bar (Dkt. No. 1). The interpleader seeks to join codefendants, Debtor and Rodríguez Flores, to determine who has the rightful claim to the rent payments under the aforementioned lease agreements. The Interpleader also requested authorization from the court to deposit with the clerk all future rent payments under both agreements. On March 25, 2011, the Trustee filed an Answer to the Interpleader which also included a counterclaim against AT&T (the "Counterclaim") (Dkt. No. 16). In the Counterclaim, the Trustee requested: (i) the court to issue a declaratory judgment finding the Debtor as the real party in interest or true lessor under the Centennial Lease Agreement, and (ii) a collection action against AT&T for $190,296.00 for rent wrongfully paid by AT&T under both AT&T and Centennial Lease Agreements; and(iii) liability and damages by AT&T's alleged "aiding and abetting" practices.

On April 15, 2011, AT&T filed an answer to the Counterclaim and a cross claim (the "Cross Claim") against Rodríguez and/or Rodríguez International Corp. (Dkt. No. 22). In the Cross Claim, AT&T states that if Debtor, as alleged by the Trustee, is the real party in interest or real lessor, not Rodriguez International Corp., then the corporation committed fraud and misrepresented its authority to enter into the lease.

On August 19, 2011, the court ordered AT&T to forward future payment under the AT&T Lease Agreement to the chapter 7 Trustee. Because the lessor under the Centennial Lease Agreement is not Debtor, the court ordered AT&T to continue to consign the payments under the Centennial Lease Agreement with the Clerk of the US Bankruptcy Court (Dkt. No. 67). Hence, AT&T continued to consign with the clerk of the court the rent

payments under the Centennial Lease Agreement. The total amount consigned with the clerk is $63,065.19.

On October 24, 2011, AT&T filed a Motion for Partial Summary Judgment (Dkt. No. 80), seeking dismissal of the trustee's third cause of action against AT&T. On December 21, 2011, the Trustee filed an opposition and statement of facts in support of the opposition (Dkt. No. 100, 101). On April 5, 2012, the court granted AT&T's Motion for Partial Summary Judgment (Dkt. No. 130).

On July 2, 2012, AT&T filed a Motion for Summary Judgment (Dkt. No. 147), as to the remaining two causes of action in the Counterclaim: AT&T's arguments to support the summary judgment are that: (i) the first cause of action is requesting the same as the interpleader complaint, and (ii) the second cause of action is for collection of money, which AT&T avers has already been paid to Debtor under both lease agreements, except for the monies consigned with the Clerk of the Court.

On July 20, 2012, the Trustee filed a Motion for Summary Judgment (Dkt. No. 151), and Statement of Uncontested Facts (Dkt. No. 152). The Trustee claims superior rights and the withdrawal of the money consigned. Trustee's arguments in favor of summary judgment are based upon the following: (i) Under the Centennial Lease Agreement, Debtor is the rightful owner of the leased premises. Rodriguez Flores or Rodriguez International cannot show ownership and Debtor did not consent or execute the contract. Therefore, pursuant to article 1213 and 1230 of the Puerto Rico Civil Code, the contract is null. (ii) The rent collected is a civil fruit and belongs to the owner of the property pursuant to articles 288 and 289 of the Puerto Rico Civil Code. (iii) The assignment of credit

was not perfected pre-petition pursuant to article 1416 of the Puerto Rico Civil Code. It is a private document with no notarized indenture, and therefore, it is ineffective against the Trustee.

On August 3, 2012, the Trustee filed an Opposition to AT&T's Motion for Summary Judgment, Cross Motion, and Statement of Uncontested Facts (Dkt. No. 153).  The Trustee seeks to recover for the benefit of unsecured creditors: (i) the payments not received by Pulsar under the AT&T Lease Agreement, and (ii) the accrued rent based on the fair market value of AT&T's use and occupancy of the premises under the Centennial Lease Agreement. The Trustee does not dispute that AT&T made all payments under the Centennial Lease Agreement to the named lessor.  The Trustee alleges bad faith from AT&T for ignoring the defects on its possessory title.  The Trustee admitted AT&T's uncontested facts and submitted an additional statement of uncontested facts.

On August 29, 2012, AT&T filed the Response to Trustee's Statement of Uncontested Facts (Dkt. No. 157), mainly admitting all of the Trustee's Statement of Uncontested Facts, except paragraph 24, where AT&T asserts having a document adding Rodriguez Flores as an alternate payee at the request of Debtor.  On that same date, AT&T filed a Consolidated Reply (Dkt. No. 158).  AT&T's arguments in favor of summary judgment are: (i) that it is uncontested that all rent payments were made under both lease agreements, and (ii) that any fraudulent actions, as alleged by the Trustee, have not been proven.  AT&T opposes the Trustee's Cross Motion for trying to re-litigate the third cause of action in the Counterclaim, consisting of "aiding and abetting" practices, which was previously dismissed by the court (Dkt. No. 130).

On September 20, 2012, the Trustee filed a Reply (Dkt. No. 167), requesting the court to grant Trustee's Motion for Summary Judgment, judgment against AT&T and denying AT&T's Motion for Summary Judgment. The Trustee seeks redress under state civil law for AT&T's bad faith possession of Debtor's property, as stated by Puerto Rico Supreme Court in Consejo de Titulares Cond. Parkside v. Villa Edamorga, Inc., 161 P.R. Dec. 785 (2004). Trustee's arguments in support of Motion for Summary Judgment are: (i) that the obligation was not extinguished as the Debtor did not receive the amounts paid, and (ii) that AT&T added Rodríguez Flores as an alternate payee, when Debtor was the only lessor under the AT&T Lease Agreement and its amendment.

On October 15, 2012, AT&T filed a Sur-Reply (Dkt. No. 169) reiterating all previous arguments. AT&T also contends that the Trustee has added the allegation that AT&T's payments were invalid because the checks were addressed to Debtor and Mr. Rodriguez Flores as alternate payee, for which Trustee needs court authorization to amend the Counterclaim. AT&T argues that: (i) under Puerto Rico civil law, good faith is presumed and the person averring bad faith has the burden of proof, (ii) bad faith has not been proven, (iii) the alternate payee was the president of the company, not a third party, and (iv) there is no basis to support that the inclusion of the president as an alternate payee invalidates the payment, or does not extinguish the obligation.

III. ANALYSIS AND DISCUSSION

A.    Summary Judgment Standard.

Fed. R. Civ. P. 56(c) applies in bankruptcy adversary proceedings through Fed. R. Bankr. P. 7056. Summary judgment is available if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank (In re Rijos), 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is deemed "material" if it potentially could affect the outcome of the suit. Borges at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The Court must view the evidence in a light most favorable to the nonmoving party. Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos at 388.

B. The AT&T Lease Agreement.

The AT&T Lease Agreement was subscribed on July 29, 2003. CCPR Services Inc. h/n/c Cingular Wireless (now AT&T), as lessee, agreed to pay Pulsar P.R. h/n/c Diamond Palace Hotel & Casino, represented by its President Wilfredo Rodriguez Flores, as lessor, rent for the installation and operation of cellular telecommunication antennae on the rooftop of

the former Diamond Palace Hotel & Casino. In Section 8(a) of the AT&T Lease agreement, related to monthly payment of the lease, the parties agreed that CCPR would pay lessor for the right to install the equipment as described in Annex "A". In the amended AT&T Lease Agreement of August 1, 2008, the parties extended the term of the agreement, no changes were made to lessor or lessee. AT&T presented a "Payment Direction Form" signed on September 18, 2003 by Wilfredo Rodriguez Flores as President of the lessor, where he authorized the lessee to make payments to lessor/payee Diamond Palace Hotel and Casino y/o Wilfredo Rodriguez. The checks were made by Cingular/AT&T payable to Diamond Palace Hotel & Casino and/or Wilfredo Rodríguez Flores. AT&T provided copies of all the cancelled checks. Trustee does not contest the payments nor the amounts paid.

In light of the facts stated above, this court concludes that the payments were made in accordance to the AT&T Lease Agreement.

C. The Centennial Lease Agreement.

The Centennial Lease Agreement was subscribed on October 13, 2008.Centennial Puerto Rico Operations Corp. d/b/a Centennial de Puerto Rico (now AT&T), as lessee, agreed to pay Rodríguez International Corp. and/or Wilfredo Rodríguez, as lessor, rent for the installation and operation of cellular telecommunication antennae on the rooftop of the former Diamond Palace Hotel & Casino. The checks were made by Centennial of P.R./AT&T payable to Rodríguez International Corp. and/or Wilfredo Rodríguez. AT&T provided copies of all cancelled checks. Trustee does not contest the payments nor the amounts paid.

In light of the facts stated above, this court concludes that the

payments were made in accordance to the Centennial lease Agreement.

D.    The Prepetition Lease Agreement.

It appears from the minutes of the board of directors of Rodriguez International on January 8, 2005, where Rodríguez Flores as President and Wilfredo Rodríguez Acosta as Treasurer/Secretary were present, that it was authorized for the entity to build a new exit door to the Vilomar building owned by Rodriguez International. The cost of the work was agreed to be paid by Rodriguez International. It was also agreed that a rent would be collected from the use of the antennae on the Green House Tower, property of Pulsar of PR, Inc.  In the January 12, 2005minutes of the board of directors of Pulsar Corporation of P.R., attended by Rodríguez Flores as President and Wilfredo Rodríguez Acosta as Treasurer/Secretary, the entity was authorized to use the roof of the Green House Tower, part of Pulsar Corp. of P.R., to contract the installation of the antennae and to assign the cost of improvements to Rodríguez International.  On February 12, 2005, an agreement and service easement was made between Pulsar of P.R. and Rodriguez International. According to the agreement, Rodriguez International would pay for the cost of the construction, while Pulsar of P.R. would assign the use of the rooftop of the Greenhouse Tower to Rodriguez International.  The agreement is a private document.

The Trustee contends that the lease assignment to Rodríguez Flores was not perfected pre-petition pursuant to Puerto Rico law, article 1416, 31 LPRA § 3941, which states that the assignment of a credit does not have an effect on third parties. It is not required for a valid assignment of credit to be in notarized indenture, IBEC v. Banco

Comercial, 117 P.R. Dec.371 (1986).  The Centennial Lease Agreement was signed on October 13, 2008.  The chapter 11 voluntary petition was filed afterwards on November 7, 2008. Therefore, the agreement constitutes a pre-petition agreement.

E.    Rights over the Consigned Funds.

AT&T requests the court to determine the rightful owner of the consigned funds under the Centennial Lease Agreement. Trustee requests withdrawal of the rent payments consigned after the conversion of the case to chapter 7 as property of the estate, and that any claim that Rodríguez Flores or Rodríguez International may have or may have had against these funds is subordinate to the rights of the Trustee as third party judicial lien holder.

Pulsar and Wilfredo Rodriguez Flores were the rightful owners of the Diamond Palace Hotel under the AT&T Lease Agreement. The rent payments due from the AT&T Lease Agreement after the conversion of the case to chapter 7 would be property of the estate.  Therefore, this court concludes that the consigned funds under the AT&T Lease Agreement are property of the estate.  The payments consigned under the AT&T Lease Agreement were withdrawn by the Trustee and the future payments were ordered to be paid to the Trustee. The rent payment extinguished the lease agreement obligation. Allegations about bad faith were not proven to the court. However, Debtor is not part of the Centennial Lease Agreement, and thus the Trustee cannot claim rights over the rent payments made to the Centennial Lease Agreement.

In light of the facts stated above, this court concludes that the payments under the Centennial Lease Agreement cannot validly be claimed

by the Trustee and, thus, belong to the lessor, Wilfredo Rodriguez Flores d/b/a Rodríguez International Corp.

IV. CONCLUSION

WHEREFORE, IT IS ORDERED that in light of the foregoing findings of facts and legal conclusions, AT&T's Motion for Summary Judgment shall be, and hereby is, GRANTED, and Trustee's motion for summary judgment is hereby DENIED. Judgment will be entered accordingly.

SO ORDERED.

San Juan, Puerto Rico, this 05 day of April, 2013.

Brian K. Tester
U.S. Bankruptcy Judge