**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 08-07557 BKT** |
| | **Chapter 7** |
| **PULSAR PUERTO RICO INC** | |
| | **Adversary No. 11-00042** |
| **Debtor(s)** | |
| **AT&T MOBILITY PUERTO RICO INC** | |
| **Plaintiff** | |
| **vs.** | |
| **PULSAR PUERTO RICO INC; et als** | |
| | **FILED & ENTERED ON 10/16/2013** |
| **Defendants** | |

**OPINION AND ORDER**

Before this court is the Motion Requesting Amended and/or Additional Findings of Fact pursuant to Federal Rules of Bankruptcy Procedure 7052 (the "Motion to Alter or Amend") filed by Chapter 7 Trustee Wilfredo Sagarra-Miranda (the "Trustee") [Dkt. No. 191], Plaintiff's Opposition to the Motion to Alter or Amend (the "Opposition") [Dkt. No. 196], and Trustee's Reply to the Motion to Alter or Amend [Dkt. No. 197]. Also before the court is the opposition to the Motion to Alter or Amend filed by Wigberto Lugo Mender, defendant and duly appointed Chapter 7 Trustee for the Estate of Wilfredo Rodríguez Flores and Nydia Rosa Acosta Castrodad, Case No. 11-03478-BKT7 (hereinafter "Trustee Lugo") [Dkt No. 202]. For the reasons set forth below, Trustee's Motion to Alter or Amend is DENIED.

**I. Factual Background**

Debtor, Pulsar Puerto Rico Incorporated, filed a voluntary chapter 11 petition on November 7, 2008. Debtor's chapter 11 case was converted to a chapter 7 case on September 13, 2010. On February 14, 2011, AT&T Mobility Puerto Rico Incorporated ("AT&T") filed an adversary proceeding against Debtor. This court entered an opinion and order on April 5, 2012 disposing of all pending claims in this instant adversary proceeding (the "Opinion" or "Order"). The Trustee seeks to appeal such Order. The Trustee's Motion to Alter or Amend followed.

In the Motion to Alter or Amend, the Trustee requests this Court to amend the following items included in the Order in question:

1. On page 2, lines 19-20, of the Opinion amend: "and amended on August 1, 2008" to "and amended by the same parties on August 1, 2008." See Docket No. 153-8.

2. On page 2, line 22, of the Opinion amend: "d/b/a" to "and/or". See Docket No. 94-2.

3. On page 7, lines 26-28, of the Opinion, amend: "agreed to pay Pulsar P.R. h/n/c Diamond Palace Hotel & Casino, represented by its President Wilfredo Rodríguez Flores, as lessor" to "agreed to pay Pulsar P.R. h/n/c Diamond Palace Hotel & Casino, as lessor". See Docket No. 153-1, p. 5, ¶¶ 13-14 and Docket No. 157, p. 1, ¶ 1.

4. On page 9, lines 23-24, of the Opinion, amend: "The agreement is a private document" to "The agreement is a private document with no notarized signature." See Docket No. 152, p. 5, ¶ 27. Local Civil Rule 56(e) provides that a fact supported by a record citation shall be deemed admitted unless properly controverted. This fact was not controverted.

5. On page 10, lines 15-16, of the Opinion, amend: "Pulsar and Wilfredo Rodríguez Flores were the rightful owners of the Diamond Palace Hotel under the AT&T Lease Agreement" to "Pulsar was the rightful owner of the Diamond Palace Hotel under the AT&T Lease Agreement." See Docket No. 152-4.1

Further, Trustee asks this Court to make the following additional findings:

1. "On November 7, 2008, Pulsar filed the creditor's mailing matrix." See Docket No. 153-1, p. 4, ¶ 7 and Docket No. 157, p. 1, ¶ 1. 1 As Pulsar is a corporation, it could only act through its officers, who were natural persons. In this lease agreement, Pulsar appeared through its president, Wilfredo Rodríguez Flores. However, Wilfredo Rodríguez Flores appeared strictly in representation of Pulsar. In this regard, the Court's finding is not supported by the text of the agreement or general corporate law.

2. "Centennial de Puerto Rico ("Centennial" or "AT&T") was included by Pulsar in the creditor's mailing matrix as of the date the bankruptcy petition was filed and received notice of the bankruptcy filing." See Docket No. 153-1, p. 4, ¶ 8 and Docket No. 157, p. 1, ¶ 1.

3. "On December 17, 2008, Pulsar filed its schedules, and is therein identified as the owner in fee simple of the Diamond Palace Hotel & Casino." See Docket No. 153-1, p. 4, ¶ 9 and Docket No. 157, p. 1, ¶ 1.

4. "As per the bankruptcy schedules, Pulsar maintained the following bank accounts as of the date of the filing of its Chapter 11 petition: (a) Banco Popular Puerto Rico- Acct. No. xxxxx8140 (b) Banco Santander, Puerto Rico-Acct. No. xxxxxxx9418 (c) Doral Bank, Puerto Rico- Acct. No. xxxxx5261 (d) Eurobank, Puerto Rico-Acct. No. xxxxx0830 (e)

Westernbank, Puerto Rico-Acct. No. xxxxxx0438 (f) Westernbank, Puerto Rico-Acct. No. xxxxxx0454 (g) Westernbank, Puerto Rico-Acct. No. xxxxxx1281 (h) Westernbank, Puerto Rico-Acct. No. xxxxxx0926 (i) Westernbank, Puerto Rico-Acct. No. xxxxxx1558" See Docket No. 153-1, p. 5, ¶ 11 and Docket No. 157, p. 1, ¶ 1.

5. "Most of the checks AT&T issued to joint payees under the AT&T Lease Agreement cannot be traced as deposited in the bank accounts Pulsar listed in its bankruptcy schedules." See Docket No. 153-1, pp. 8-9, ¶ 23 and Docket No. 157, p. 2, ¶ 5.

6. "Cingular merged with AT&T and thereafter AT&T acquired the rights and obligations of the AT&T Lease Agreement." See Docket No. 153-1, p. 5, ¶ 15 and Docket No. 157, p. 1, ¶ 1.

7. "Centennial merged into and became part of AT&T, and ceased to exist and a separate legal entity." See Docket No. 153-1, p. 12, ¶ 30 and Docket No. 157, p. 2, ¶ 9.

8. "The first check that AT&T issued to pay rent under the Centennial Lease Agreement was dated July 23, 2010, and drawn to the order of Rodríguez International Corp. and/or Rodríguez Flores." See Docket No. 153-1, p. 13, ¶ 31 and Docket No. 157, p. 2, ¶ 9.

9. "After July 23, 2010, AT&T issued eight (8) additional checks to pay rent under the Centennial Lease Agreement, all of which were drawn to the order of Rodríguez International Corp. and/or Rodríguez Flores." See Docket No. 153-1, p. 13, ¶ 31 and Docket No. 157, p. 2, ¶ 9.

10. "After Pulsar's Chapter 11 case was converted to one under Chapter 7, the trustee sent Centennial a letter dated September 20, 2010, by certified mail return receipt requested." See Docket No. 153-1, p. 13, ¶ 33 and Docket No. 157, p. 2, ¶ 10.

11. "After the September 20, 2010 letter was received, AT&T issued six (6) checks to pay rent under the Centennial Lease Agreement, all of which were drawn to the order of Rodríguez International Corp. and/or Rodríguez Flores." See Docket No. 153-1, p. 13, ¶ 34 and Docket No. 157, p. 2, ¶ 11.

12. "AT&T operated both of its antenna/equipment with power sourced through the Diamond Palace until the case was converted to Chapter 7." See Docket No. 152, p. 3, ¶15. Local Civil Rule 56(e) provides that a fact supported by a record citation shall be deemed admitted unless properly controverted. The fact was not controverted.

13. "In Schedule G of Debtor's Amended Schedules (Executory Contracts and Unexpired Leases), Debtor listed as an existing executory contract or unexpired lease a certain verbal agreement with Rodriguez International Investment Corp., which it described as a pre-bankruptcy assignment of rental income (approximately $15,000 per month) for improvements to and use of real estate necessary to operate and comply with the fire code". See Docket No. 152, p. 5, ¶26. Local Civil Rule 56(e) provides that a fact supported by a record citation shall be deemed admitted unless properly controverted. The fact was not controverted.

14. "Rodríguez International does not have a financing statement registered against the Debtor as per the records of the Commercial Transactions Registry of the Department of

State of the Commonwealth of Puerto Rico." See Docket No. 152, p. 5, ¶28. Local Civil Rule 56(e) provides that a fact supported by a record citation shall be deemed admitted unless properly controverted. The fact was not controverted.

Pursuant to Federal Rules of Bankruptcy Procedure Rule 7052, Trustee requests this Court to enter a new order with an accompanying set of fact finding and amendments as specified above.

In opposition, Plaintiff objects on two grounds:

1. Trustee's motion is meritless on its face because under Fed.R.Civ.P. 52(b) made applicable through Fed. R. Bankr. P. 7052 does not apply to judgment entered pursuant to a motion for summary judgment and only applies when a district court issues factual findings following a trial on the merits.

2. Trustee failed to meet the heavy burden of showing grounds for the motion. Therefore, because the Trustee did not explain his reasoning for the motion that would otherwise provide an appellate court with a better understanding of the factual predicate for this Court's ruling.

In reply to the above opposition, Trustee argues that:

1. The facts to be included are uncontested facts.

2. Citing, <u>Golden Gate Acceptance Corp. v. General Motors Corp.</u>, 597 F.2d 676, 678 and <u>Boazman v. Economics Laboratory, Inc.</u>, 537 F.2d 210, 213 n. 5 (5th Cir. 1976), the Trustee points out that this Court is not precluded from amending and/or making additional findings in relation to its ruling on the motion for summary judgment.

3. Plaintiff's opposition only raises threshold issues because the facts the Trustee requested to be added are all uncontroverted facts.

Trustee Lugo also opposes the Motion to Alter or Amend for two main reasons:

1. The Trustee fails to file the Motion to Alter or Amend pursuant to proper grounds. Proper grounds for a FRCP Rule 52(b) motion would be to "allow the court to correct plain errors of law or fact, or, in limited situations, allow the parties to present newly discovered evidence", Gutierrez v. Johnson & Johnson, 743 F.Supp.2d 418, 422 (D.N.J. 2010). No such plain errors of fact, law or new evidence has been presented.

2. A FRCP Rule 52(b) motion for Amended or Additional Findings does not apply to a judgment entered pursuant to a motion for summary judgment. This rule only applies when a district court issues factual findings following a trial on the merits. Trustee Lugo also incorporated by reference the legal arguments submitted by AT&T in their opposition [Docket No. 196].

**II. Discussion and Analysis**

After reviewing Debtors' arguments, and the relevant law, this Court finds that in its April 5, 2012 order of dismissal, the court laid out the findings of facts and conclusions of law as mandated by Fed. R. Civ. P., Rule 7052.

Federal Rules of Bankruptcy Procedure Rule 7052 incorporates Federal Rules of Civil Procedure Rule 52. Pursuant to Rule 52, a trial court shall "find facts specially and state separately its conclusions of law." See Fed.R.Civ.P. 52(a). The Rule explicitly cries that it will be "sufficient if the findings of fact and conclusions of law ... appear in an opinion or memorandum of decision filed by

the court." Id. The order of April 5, 2012 complies with this requirement. Trial courts enjoy ample breathing room discretion under Rule 52 to use either method to promote judicial economy. See e.g., In re Hongisto, 293 B.R. 45, 56 (N.D. Cal. 2003) aff'd, 86 F. App'x 331 (9th Cir. 2004) Cf., In re Alvarado, 463 B.R. 200, 212 (D.P.R. 2011).

The court issued the Order after a thorough review of the documents provided by the parties. The Order constitutes a seven-page opinion with a detailed background, applicable law and conclusions of law. This Court deems such details to be sufficient for an appellate court to adequately review any issues taken on appeal. For judicial economy purposes, courts are not to make minute additions or subtractions that are considered to be merely typographical in nature. This Court also deems unnecessary to amend its Order to include various documents that are referenced in its original order that can be found on the case docket.

WHEREFORE IT IS ORDERED, that the Trustee's Motion Requesting Amended and/or Additional Findings of Fact pursuant to Federal Rules of Bankruptcy Procedure 7052 is DENIED.

In San Juan, Puerto Rico this 16th day of October, 2013.

Brian K. Tester
U.S. Bankruptcy Judge